**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:19-CV-576-MOC-DSC**

| | | |
|---|---|---|
| **BALLANTYNE VILLAGE PARKING, LLC,** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| **CITY OF CHARLOTTE,** | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No.

8). For the reasons stated below, the Court grants Defendant's motion and dismisses this action

without prejudice.

**I.      BACKGROUND**

A.The Underlying Easement Dispute Between Plaintiff Ballantyne Village Parking, LLC
and Third Party ASVRF

This lawsuit arises over an initial easement dispute between Plaintiff and a third party

related to how many parking spaces the third party is entitled to pursuant to the easement. The

underlying facts are as follows:

Plaintiff Ballantyne Village Parking, LLC owned a parking lot ("Parcel 3") and a parking

deck ("Parcel 4") next to a shopping center ("Parcel 1") owned by a third party, ASVRF SP

Ballantyne Village JV LLC ("ASVRF"). As the shopping center was originally planned,

ASVRF had fewer parking spaces on Parcel 1 than required by Defendant City of Charlotte's

zoning code. As a result, in 2015, ASVRF obtained an easement from Plaintiff for the use of

parking spaces on Parcel 4 in an amount at least equal to the minimum number needed for ASVRF to comply with Defendant's zoning requirements.

In 2017, ASVRF sought to convert part of Parcel 1 into office space, which would expand the shopping center's square footage. Per Defendant's zoning code, this expansion would require Parcel 1 to gain access to an additional 83 parking spaces. ASVRF's construction of the office space was contingent on receipt of a building permit from Defendant. In turn, this permit was conditioned on Parcel 1 having access to the requisite additional parking spaces. ASVRF believed the 2015 easement it had previously obtained from Plaintiff automatically entitled it to use 83 additional spaces on Parcel 4. Plaintiff maintained, however, that for ASVRF to acquire access to the additional parking spaces, further consideration was required from ASVRF.

The relevant easement agreement provides for a two-step process to resolve the parties' easement dispute—an initial determination by an "ombudsman" and subsequent arbitration. If timely appealed to an arbitrator, the ombudsman's decision is nonbinding and nonfinal. ASVRF and Plaintiff submitted their easement dispute to an ombudsman in July 2018. In September 2018, the ombudsman decided the easement dispute in favor of ASVRF's entitlement to additional parking. ASVRF's attorney notified Defendant of this determination. In turn, the following week, Defendant issued a permit to ASVRF. Still, Defendant reserved the right to revoke the permit if it later determined that Parcel 1 lacked access to the adequate number of parking spaces.

Appellant timely appealed the ombudsman's decision to an arbitrator, thus rendering the ombudsman decision nonbinding and nonfinal. Following arbitration in the Fall of 2019, the

2

arbitrator issued a decision, which Plaintiff indicates still did not fully resolve the easement

dispute and which both parties have indicated only generated further disputed issues.

> B.    Plaintiff Files the First Lawsuit Arising out of the Easement Dispute

According to Plaintiff, while it was attempting to resolve the easement dispute with

ASVRF through the prescribed procedures, ASVRF had, unbeknownst to Plaintiff, been

communicating with Defendant and urging Defendant's planning personnel to move forward

with the permit's issuance despite the ongoing dispute.  Plaintiff further states that, upon learning

of the ongoing discussion between ASVRF and Defendant, Plaintiff reached out to Defendant

and asserted its interest in the permit proceeding due to the potential demand for parking on its

lot.  Plaintiff expressly asked Defendant to include Plaintiff in all further communications

associated with the permit.  Plaintiff alleges that, despite this request, it was not included in key

communications between Defendant and ASVRF.  Plaintiff contends that Defendant issued the

permit to ASVRF based on ASVRF's assurance that it was entitled to the additional parking on

Parcel 4 per the ombudsman's decision, even though the easement dispute was headed to

arbitration, and the ombudsman's decision was therefore nonbinding.  Plaintiff contends that its

exclusion from the permitting process led to the purportedly wrongful issuance of ASVRF's

permit.

Frustrated over allegedly being excluded from the permitting process, Plaintiff filed, on

January 24, 2019, its first lawsuit in this Court against Defendant, captioned Ballantyne Village

Parking, LLC v. City of Charlotte, Case No. 19-cv-36 (W.D.N.C. 2019) ("BVP I"), alleging,

among other things, the following claims: (1) "Denial of Substantive Due Process"; (2) "Denial

of Procedural Due Process"; (3) "Equal Protection Violation"; (4) "Negligence (Due Process)";

(5) "Declaratory Judgment"; and (6) "Preliminary Injunction."  (Compl. in BVP I [hereinafter

"Ex. A"]).  Plaintiff sought revocation and/or rescission of Defendant's issuance of the building permit to ASVRF.  (Ex. A pp. 28, 30).  On February 15, 2019, after holding a hearing on Plaintiff's motion for preliminary injunction during which he heard evidence and legal arguments, the Honorable Judge Graham Mullen dismissed BVP I, as barred by the Burford abstention doctrine.  (Judge Mullen's 2/15/19 Order in BVP I [hereinafter "Ex. B"]; Excerpt from the Transcript of the 2/14/19 Hearing in BVP I Containing Judge Mullen's Ruling [hereinafter "Ex. C"]).  Plaintiff appealed Judge Mullen's decision.

On or about October 28, 2019, while Judge Mullen's decision was being appealed to the Fourth Circuit Court of Appeals, Plaintiff filed this second lawsuit against Defendant, again seeking revocation of the permit issued to ASVRF.  As before, Plaintiff alleges in this pending action that Defendant: (1) violated Plaintiff's rights to substantive and procedural due process; (2) violated Plaintiff's right to equal protection; and (3) was negligent.  As before, Plaintiff also seeks a preliminary injunction and declaratory judgment revoking and/or rescinding the building permit issued to ASVRF.  (Doc. No. 1 at ¶¶ 57, 62).  Plaintiff expressly reasserts and incorporates by reference its allegations from its Complaint in BVP I and uses those allegations to describe a "two-year long pattern of denying BVP's access to fundamental rights of due process."  (Doc. No. 1 at ¶¶ 1, 10).  In addition to the BVP I allegations, Plaintiff contends in this lawsuit that its due process and equal protection rights were violated by the following alleged actions and omissions:

• Defendant's Zoning Administrator issued a Determination Letter, incorrectly stating that ASVRF's property, referred to as Lot 1, is in compliance with the Zoning Ordinance because it has six loading zones.  (Ex. A p. 4; Doc. No. 1 at ¶¶ 17, 39).

• The Chairperson of Defendant's Zoning Board of Adjustment ("ZBA"), Rick Sanderson, would not allow Plaintiff's appeal of the Determination Letter to be heard on September 24, 2019, because the appeal had not been submitted at least thirty-one days before that date. (Doc. No. 1 at ¶¶ 22-23).

• The ZBA did not hear Plaintiff's appeal on the next available hearing date of October 10, 2019, because Plaintiff opted to be heard on a later date after (1) Plaintiff's appeal was not reached until 2:30 pm on October 10 due to other appeals before the ZBA; (2) known to Defendant, but unbeknownst to Plaintiff, Defendant's court reporter was not available past noon; and (3) though prior appeals on October 10 were heard before a five-member board, by 2:30 pm, the ZBA was down to four members and would have been reduced to three before Plaintiff's hearing would have concluded. (Doc. No. 1 at ¶¶ 24–28, 30).

• The ZBA did not hear Plaintiff's appeal on October 23, 2019, because the ZBA did not have at least four board members available for the hearing. (Doc. No. 1 at ¶¶ 31–32).

• Although Plaintiff was scheduled to be heard on October 29, 2019, the ZBA determined that it would consider on that date whether Plaintiff's appeal should be continued to a later date. (Doc. No. 1 at ¶ 33).

On June 17, 2020, the Fourth Circuit issued an unpublished opinion in BVP I, vacating the district court's order and remanding back to the district court for the purposes of entering, in effect, a dismissal without prejudice based on lack of ripeness. See Ballantyne Village Parking, LLC v. City of Charlotte, No. 19-1213, 2020 WL 3265007 (4th Cir. 2020). In BVP I, the Fourth Circuit held that, given the conditional nature of the building permit, any constitutional claim based on the issuance of said permit is not yet ripe. (No. 19-1213, Doc. No. 51, p. 9). The Fourth Circuit concluded: "If the easement dispute is ultimately resolved in Appellant's favor or

5

the building permit does indeed become final through the zoning appeals process, the door to federal court will remain open." (Id. at p. 11). In light of the Fourth Circuit's ruling, this Court, the Honorable Judge Mullen presiding, entered an order on July 10, 2020, dismissing without prejudice BVP I for lack of ripeness. (3:19cv36-GCM, Doc. No. 35 (W.D.N.C.)).

## II.    DISCUSSION

In its original motion, and in a supplemental filing following the Fourth Circuit's decision in BVP I, Defendant has now moved to dismiss this action as not yet ripe, pursuant to the Fourth Circuit's decision in BVP I. Defendant alternatively seeks dismissal of Plaintiff's claims for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court concludes that the Fourth Circuit's opinion in BVP I is pertinent to the Court's consideration of Defendant's pending motion to dismiss because Plaintiff seeks the same relief in this lawsuit regarding the same building permit that was the subject of BVP I. (Doc. 1 at ¶¶ 57, 62; Doc. No. 9, pp. 2–3). In Paragraph 57 of the Complaint, under the heading "Fourth Cause of Action – Preliminary Injunction," Plaintiff specifically asks this Court to intervene in the conditional building permit that is the subject of BVP I—i.e., to order "the City to consider its own rules in relation to Lot 1's noncompliance and revoke Lot 1's incorrectly issued building permit on the basis that Lot 1 was compliant with the Zoning Ordinances…." (Doc. No. 1, p. 11). Moreover, Plaintiff has, in its Complaint, incorporated the facts of BVP I into this action. See (Doc. No. 1 at ¶¶ 1, 10). Given Plaintiff's incorporation and interweaving of facts, the Court agrees with Defendant that the Fourth Circuit's decision in BVP I is a temporary bar to this lawsuit as well. Thus, just as the Fourth Circuit directed in BVP I, the Court declines to exercise jurisdiction until all of the issues identified in the Complaint in this matter have ripened. As Judge Mullen did in

6

BVP I, this Court dismisses this action without prejudice to Plaintiff to refile this action once the issues in this matter have ripened.

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion to Dismiss, (Doc. No. 8), is **GRANTED**.

(2) This matter is dismissed without prejudice to Plaintiff to refile this action once the issues have ripened.

Signed: October 1, 2020

Max O. Cogburn Jr
United States District Judge